# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

RYAN VARAVADEKAR
707 South Cumberland Avenue
Park Ridge, IL  60068,

      Plaintiff,

v.                                                                      Case No. _____

SUMMERSET MARINE CONSTRUCTION, LLC
W3128 State Road 59
Whitewater, WI  53190-3035

      Defendant.

## COMPLAINT

NOW COMES the above named Plaintiff, Ryan Varavadekar, by counsel, Law Firm of Conway, Olejniczak & Jerry, and as and for his complaint alleges and shows to the Court as follows:

1.    Plaintiff, Ryan Varavadekar, is an adult resident and citizen of the State of Illinois residing at 707 South Cumberland Avenue, Park Ridge, IL  60068.

2.    Defendant, Summerset Marine Construction, LLC, is a Wisconsin limited liability company, having its principal place of business located at W3128 State Road 59, Whitewater, Wisconsin, and having its local office located in Sturgeon Bay, Wisconsin.

3.    The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendant are citizens of different United States

states and the amount in controversy exceeds $75,000, excluding interest and costs. The Plaintiff is a citizen of the State of Illinois, and upon information and belief, the Defendant and its members are citizens of the State of Wisconsin. The amount in controversy exceeds $75,000 exclusive of interest and costs because the Defendant has retained the Plaintiff's down payment of over $68,000 and, despite an obligation to do so, has refused and declined to return it. The Defendant has also breached the contract between the parties and, upon information and belief, the cost of purchasing a permanent pier and installing the same will greatly exceed the sum of $276,497.76.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. It is also appropriate because a substantial part of the property at issue is situated in this district.

5. Upon information and belief, Summerset Marine Construction, LLC, is engaged and has at all material times herein been engaged in the business of selling marine-related goods and products, including the components for long-standing and permanent piers, and performing installation of the same.

6. On September 30, 2024, Plaintiff and Defendant entered into a contract, a copy of which is attached hereto as Exhibit A. Under the terms of the contract, Defendant agreed to sell to the Plaintiff the components for a permanent pier to be installed on the Plaintiff's property located at 6784 Cabots Point Road, Sturgeon Bay, Wisconsin, in the waters of the bay of Green Bay. The Defendant agreed and

promised to install the same at such location. The Defendant waived installation fees, and the cost of the components totaled $276,497.76. Plaintiff paid to the Defendant the sum of $86,228.57 as a down payment and earnest money toward such purchase and installation, and Defendant indicated that the installation of the pier would occur in April 2025.

7. When the installation did not occur in April 2025, Defendant promised the Plaintiff that installation would occur in July 2025, and when installation did not occur in July 2025, Defendant promised that installation would occur in August 2025, and when installation did not occur in August 2025, Defendant promised that installation would occur by Thanksgiving 2025. After that promise went unmet, Defendant promised that installation would occur immediately and promptly in spring 2026, but installation did not occur at that time either. As of the present day, the Defendant has failed to perform its promises and responsibilities to furnish and install the pier it promised and for which the Plaintiff has partially paid.

8. In addition, Defendant agreed to purchase back certain pier components which it had previously sold and furnished to the Plaintiff for the sum of $62,308. Despite its promises, Defendant has failed to re-purchase such components, although it did credit approximately $31,000 toward the Plaintiff's downpayment toward the pier he agreed to purchase in partial satisfaction of the obligation.

9. Defendant has stored such components on the Plaintiff's property, and despite demands that Defendant remove such components and make payment therefor, it has failed and refused to do so. Such failure and removal has interfered

with the Plaintiff's use of the waterfront on its property and has deprived the Plaintiff of the full benefit of that use.

10. Upon information and belief, to the extent that title to such components has transferred to the Defendant, storing and keeping such components on the Plaintiff's property constitutes a trespass, and refusal to remove such property means the Defendant has abandoned it, so that the Plaintiff may take such property and dispose or sell it as circumstances warrant.

11. Upon information and belief, such a down payment that the Plaintiff provided to the Defendant was represented to be utilized to purchase materials for the manufacture and procurement of components for the pier that the Defendant promised to furnish and install on the Plaintiff's property. Contrary to such representation, however, such funds were utilized to purchase materials for a pier sold and supplied to others, not the Plaintiff. Such funds constituted a trust fund in the hands of the Defendant, which the Defendant has misused and misapplied and thereby constitutes a theft by such Defendant, leaving the Defendant liable to the Plaintiff for actual and statutory damages pursuant to Wis. Stat. § 779.02(5), (7). This includes treble damages and attorney's fees, all pursuant to statute. Wis. Stat. § 895.446

WHEREFORE, the Plaintiff respectfully requests judgment as follows:

A. For actual damages which include the down payment the Plaintiff paid, $62,308 in damages for the failure by the Defendant to purchase from the Plaintiff the pier components that it promised to purchase, actual damages for the cost of

- 4 -

acquiring and installing a permanent pier on the property to the extent that the cost of such installation and acquisition exceeds the sum of $276,497.76, and a reasonable sum for the Plaintiff's loss of the use of his property.

B.   For treble damages— three (3) times the amount of the Plaintiff's down payment—as allowed by statute for the Defendant's conversion of the down payment Plaintiff paid it.

C.   For reasonable attorney's fees and the costs of this action;

D.   For a declaration as to ownership of the pier components currently situated on the Plaintiff's property and an order permitting the Plaintiff to dispose of or otherwise sell the same.

E.   For such other and further relief as the Court deems just and equitable.

Dated this 13th day of July, 2026.

LAW FIRM OF CONWAY, OLEJNICZAK AND JERRY, S.C.
Attorneys for Plaintiff, Ryan Varavadekar

By: *Electronically signed by George Burnett*
George Burnett, State Bar No. 1005964

POST OFFICE ADDRESS:
231 South Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
(920) 437-0476
gb@lcojlaw.com
*#5943425*